## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| SCOTT MARSTON, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 17-00016-KD-N |
| | ) | |
| SUNSET CONTRACTING, INC., | ) | |
|     Defendant. | ) | |

## ORDER

This action is before the Court on the motion for leave to proceed without prepayment of fees, or *in forma pauperis* ("IFP"), under 28 U.S.C. § 1915 (Doc. 2) filed by Plaintiff SCOTT MARSTON ("the Plaintiff").   The motion has been referred to the undersigned Magistrate Judge for appropriate action in accordance with 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (Case docket, 1/10/2017 electronic reference).

Generally, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee…" 28 U.S.C. § 1914(a).   Authority for granting a party permission to proceed without prepayment of this filing fee is found at 28 U.S.C. § 1915, which provides, in relevant part, as follows:

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).   "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (per curiam).

"The *in forma pauperis* statute, 28 U.S.C. § 1915, ensures that indigent persons will have equal access to the judicial system."   *Attwood v. Singletary*, 105 F.3d 610, 612-613 (11th Cir. 1997) (citing *Coppedge v. United States*, 369 U.S. 438, 446 (1962)).   However, "[t]here is no question that proceeding *in forma pauperis* is a privilege, not a right," *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986),[1] and "should not be a broad highway into the federal courts." *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (per curiam).   Nevertheless, "while a trial court has broad discretion in denying an application to proceed *in forma pauperis* under 28 U.S.C.A. § 1915, it must not act arbitrarily and it may not deny the application on erroneous grounds."   *Pace v. Evans*, 709 F.2d 1428, 1429 (11th Cir. 1983) (per curiam) (citing *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)); *see also Martinez*, 364 F.3d at 1306-07 ("[A] trial court has wide discretion in denying an application to proceed IFP under 28 U.S.C. § 1915…However, in denying such applications a court must not act arbitrarily.   Nor may it deny the application

---

[1] *Accord Rivera v. Allin*, 144 F.3d 719, 722, 724 (11th Cir. 1998) ("Leave to proceed IFP is, and always has been, the exception rather than the rule.   To commence a civil lawsuit in federal district court, the general rule is that initiating parties must prepay a filing fee … To be sure, proceeding IFP in a civil case is a privilege, not a right—fundamental or otherwise."), *abrogated on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

on erroneous grounds." (quotation omitted)).

> When considering a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court ... is whether the statements in the affidavit satisfy the requirement of poverty." *Watson v. Ault,* 525 F.2d 886, 891 ([5]th Cir. 1976). An affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is "absolutely destitute" to qualify for indigent status under § 1915. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 338–40, 69 S. Ct. 85, 88–89, 93 L. Ed. 43 (1948). Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents. *Id.* at 339, 69 S. Ct. at 89. In other words, the statute is not to be construed such that potential litigants are forced to become public charges or abandon their claims because of the filing fee requirements. *Id.* at 339–40, 69 S. Ct. at 89…The district court must provide a sufficient explanation for its determination on IFP status to allow for meaningful appellate review. *O'Neal v. United States,* 411 F.2d 131, 138 (5th Cir. 1969); *Phipps v. King,* 866 F.2d 824, 825 (6th Cir. 1988); *Besecker v. State of Ill.,* 14 F.3d 309, 310 (7th Cir. 1994) (per curiam).

*Martinez*, 364 F.3d at 1307 (footnotes omitted).

"A court may not deny an IFP motion without first comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement."  *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014) (per curiam) (unpublished)[2]  (citing *Martinez*, 364 F.3d at 1307-08). "The question under 28 U.S.C. § 1915 is whether the litigant is 'unable to pay' the costs, and the answer has consistently depended in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend."

---

[2] In this Circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2. *See also Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

*Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the 'necessities of life,' such as 'from a spouse, parent, adult sibling or other next friend.' . . . If it appears that an applicant's 'access to [ ] court has not been blocked by his financial condition; rather [that] he is "merely in the position of having to weigh the financial constraints imposed if he pursues [his position] against the merits of his case,"' then a court properly exercises its discretion to deny the application."); *Sellers v. United States*, 881 F.2d 1061, 1063 (11th Cir. 1989) (per curiam) (funds "derived from family sources" are relevant to IFP determination); *Wilson v. Sargent*, 313 F.3d 1315, 1319-20 (11th Cir. 2002) (per curiam) (same).[3] "Federal Courts have frequently

---

[3]      Most cases considering the ability of someone else to pay these costs for a putative pauper focus on whether those costs can be borne by a close family member—such as a spouse, parent, an adult sibling, or other next friend. *E.g., Williams*, 455 F. Supp. at 209; *see also Pisano v. Astrue*, Civil Action No. 11–30269– KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) ("A number of courts have come to the same conclusion that the income and resources of a spouse, if not other close family members as well, are relevant to the determination of indigency under 28 U.S.C. § 1915.") (collecting cases); *but see Fridman*, 195 F. Supp. 2d at 537 ("In assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or 'can get' from ***those who ordinarily provide the applicant with the 'necessities of life,'*** such as 'from a spouse, parent, adult sibling or other next friend.'" (emphasis added)), *Ginters v. Frazier*, Civ. No. 07-4681 (JMR/RLE), 2008 WL 314701, at *2 n.1 (D. Minn. Feb. 4, 2008) ("Federal Courts have frequently recognized that, for purposes of determining IFP eligibility, it is appropriate to consider any support that an IFP applicant might receive from a spouse, or from ***any other individual***." (emphasis added)), *and Akkaraju v. Ashcroft*, No. 03 C 6447, 2003 WL 22232969, at *1 (N.D. Ill. Sept. 26, 2003) ("In evaluating the funds available to *in forma pauperis* movants, courts may consider

recognized that, for purposes of determining IFP eligibility, it is appropriate to consider any support that an IFP applicant might receive from a spouse, or from ***any other individual***." *Ginters v. Frazier*, Civ. No. 07-4681 (JMR/RLE), 2008 WL 314701, at *2 n.1 (D. Minn. Feb. 4, 2008) (emphasis added); *accord Fridman*, 195 F. Supp. 2d at 537; *Williams*, 455 F. Supp. at 208-09; *Akkaraju v. Ashcroft*, No. 03 C 6447, 2003 WL 22232969, at *1 (N.D. Ill. Sept. 26, 2003) ("In evaluating the funds available to *in forma pauperis* movants, courts may consider the income or resources of interested persons, such as spouses and parents." (citation omitted)).

Per the representations in the Plaintiff's IFP motion (Doc. 2), which is in substantial compliance with 28 U.S.C. § 1746 and thus constitutes an unsworn declaration under penalty of perjury, he is unmarried and has no dependents.   He has been "unemployed-self employed" since December 2016, at which time he was making approximately $1,600 a month.   He reports no welfare aid.   His only reported major asset is a Chevy Suburban valued at $1,000, which is fully paid for. He reports $700.00 cash in banks, savings, etc., and he has received approximately $35,000 in the last twelve months from "business, profession or other forms of self-employment."[4]   He reports monthly expenses of $500 in rent and $200 towards

---

the income or resources of ***interested persons***, such as spouses and parents." (citation omitted and emphasis added)).

The undersigned requires this inquiry when it appears likely that a plaintiff's primary means of support is through such an individual.

[4] The Plaintiff's complaint alleges a claim against the Defendant for discriminatory termination in violation of the Americans with Disabilities Act.   (*See* Doc. 1).

credit card debt ($1,000 total).

Upon consideration of the foregoing representations, the undersigned is not convinced that requiring payment of the $400.00 filing fee for this civil action would deprive the Plaintiff of the basic necessities of life.   *See Martinez*, 364 F.3d at 1307.[5]   Accordingly, no later than **Wednesday, February 8, 2017**, the Plaintiff must either 1) pay the full $400 filing fee, or 2) file an amended IFP motion providing any additional information the Plaintiff feels is necessary to demonstrate entitlement to proceed without prepayment of the filing fee.   The failure to respond to this order, or the failure to file an amended IFP motion that sufficiently satisfies the requirement of poverty, will result in entry by the undersigned of a recommendation to the Court that Marston be denied leave to proceed IFP in this action, that he be ordered to pay the filing fee by a reasonable deadline, and that this action be dismissed without prejudice for failure to prosecute and obey the Court's orders if Marston fails to do so.   *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (holding that a district court may dismiss an action for failure to prosecute and obey a court order under both Federal Rule of Civil Procedure 41(b) and the court's inherent power to manage its

---

However, this termination is alleged to have occurred in March or April of 2015. (*See id.*).   Thus, it appears the Plaintiff has found some gainful employment since then.

[5] The January 2016 federal poverty guideline for a single-person household in any of the 48 contiguous states, as published by the U.S. Department of Health and Human Services, is $11,880.   *See* https://aspe.hhs.gov/poverty-guidelines (last visited Jan. 18, 2017).   The Plaintiff's income over the last twelve months is almost triple that amount.   *Cf. Martinez.*, 364 F.3d at 1308 n.5 ("According to the United States Department of Health and Human Services, the poverty level for 2002 for a single person with no dependents was $8,860 per year or $783.33 per month. Therefore, Martinez was above the poverty line and not 'absolutely destitute.' ").

docket).

The Clerk of Court is **DIRECTED** to send the Plaintiff a copy of this Court's form

IFP motion along with this Order.[6]

**DONE** and **ORDERED** this the 18th day of January 2017.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Extra copies can also be printed from the list of forms on the Court's website:
http://www.alsd.uscourts.gov/forms/all-forms